## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HERBERT ELLISON,
    Petitioner,

vs.

MICHAEL SHEETS, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-403

Beckwith, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus

pursuant to 28 U.S.C. §2254. The case is now before the Court upon the petition (Doc. 1, Doc.

11), respondent's motion to dismiss and supplemental memorandum in support (Docs. 13, 16),

and petitioner's memoranda in opposition thereto. (Docs. 14, 15).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On February 2, 2004, petitioner entered a negotiated plea of guilty to one count of

involuntary manslaughter and one count of felonious assault. (Doc. 13, Exh. 4; Doc. 16, Tr. 3).

The trial court imposed the jointly recommended sentence of ten years on the involuntary

manslaughter count and eight years on the felonious assault count, with the sentences to run

consecutively for an aggregate total sentence of eighteen years. (Doc. 13, Exhs. 4, 5).

Petitioner failed to file a timely direct appeal to the First District Court of Appeals,

Hamilton County, Ohio.

## Post-Conviction Motion

On August 11, 2004, petitioner filed a pro se petition to vacate or set aside sentence in the Hamilton County Court of Common Pleas. (Doc. 13, Exh. 6). The trial court denied the petition on September 3, 2004. (Doc. 13, Exh. 8).

On September 30, 2004, petitioner filed a timely notice of appeal to the First District Court of Appeals. (Doc. 13, Exh. 9). The State opposed the assignments of error. (Doc. 13, Exh. 11). Petitioner then filed a motion for consideration of additional authority, citing *Blakely v. Washington*, and *United States v. Booker*. (Doc. 13, Exh. 12). On July 6, 2005, the Ohio Court of Appeals affirmed the decision of the trial court. (Doc. 13, Exh. 14).

Petitioner did not file an appeal of the First District Court of Appeals' decision to the Ohio Supreme Court.

## Motion for Delayed Appeal in the First District Court of Appeals

On March 10, 2006, petitioner filed a *pro se* notice of appeal and motion for delayed appeal in the First District Court of Appeals. (Doc. 13, Exhs. 15, 16). Petitioner's motion was overruled by the Ohio Court of Appeals on April 6, 2006. (Doc. 13, Exh. 18).

Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. 13, Exh. 19). On August 23, 2006, the Supreme Court of Ohio denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 13, Exh. 22).

## Federal Habeas Corpus

On May 21, 2007, petitioner, proceeding *pro se*, presented an unsigned petition for writ of habeas corpus for filing in this Court. (Doc. 1). Petitioner was directed to sign the original petition and return it to the Clerk of Court if he still wished to pursue the petition. (Doc. 3).

2

Petitioner failed to comply with the Court's Order and his petition was subsequently dismissed

on July 2, 2007. (Docs. 4, 5). Upon petitioner's motion for reconsideration which was

accompanied by a signed petition, the Court reinstated petitioner's action and ordered the filing

of the habeas petition on the docket of the Court on September 14, 2007. (Docs. 10, 11).

The petition sets forth three grounds for relief:

**GROUND ONE:** Petitioner was deprived of his rights to Due Process of law and against Double Jeopardy in violations of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution.

**GROUND TWO:** Petitioner was denied the right to effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution.

**GROUND THREE:** Petitioner was denied due process of law when the judge not the jury sentenced him based on findings not admitted by the defendant in violation of the Sixth Amendment to the U.S. Constitution.

(Doc. 11).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of

limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28

U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an

application for writ of habeas corpus within one year from the latest of:  (A) the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review; (B) the date on which the impediment to filing an application created by

state action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such state action; (C) the date on which the constitutional

3

right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Ground One of the petition asserts Due Process and Double Jeopardy claims based on the trial court's alleged imposition of multiple punishments for the same offense. Petitioner asserts that the strangulation of his wife was a single act resulting in death and he should not have received multiple punishments for the felonious assault and involuntary manslaughter convictions. Ground Two of the petition seeks habeas corpus relief based on a claim of ineffective assistance of trial counsel. Petitioner asserts that had counsel informed him of his potential Double Jeopardy claim, he would not have plead guilty. Ground Three of the petition asserts petitioner was sentenced in violation of the Sixth Amendment pursuant to the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004).

Grounds One, Two and Three of the petition seek habeas corpus relief based on alleged errors that occurred during petitioner's state court trial proceedings. The Court must first determine whether petitioner's claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review, or in 28 U.S.C. § 2244(d)(1)(A), which began to run when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

Although petitioner argued in his motion for delayed appeal before the Ohio Court of Appeals that he was not informed of his right to appeal by either counsel or the trial court (Doc. 13, Exh. 16), suggesting that discovery of the factual predicate of his habeas claims may have been delayed until after the conclusion of direct review (and thus governed by § 2244(d)(1)(D)), *see DiCenzi v. Rose,* 452 F.3d 465 (6th Cir. 2006) (where defendant not advised of and does not know of right to appeal, habeas corpus claims relating to events occurring at time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if petitioner acted reasonably diligently), the record in this matter shows petitioner was fully advised of his right to appeal at his guilty plea and sentencing hearing on February 2, 2004. The guilty plea/agreed sentence form which petitioner signed sets forth petitioner's appeal rights. (Doc. 13, Exh. 4). Petitioner testified in open court that he read and understood the guilty plea/agreed sentence form and discussed it with his lawyer before he signed the form. (Doc. 16, Tr. 9-10). The trial judge also advised petitioner of his appeal rights in open court, to which the petitioner replied he did not intend to appeal. (Doc. 16, Tr. 28).

There is nothing in the record to suggest that discovery of the factual bases for petitioner's habeas claims were delayed. Because nothing in the record suggests that petitioner could not discover the factual predicate of Grounds One, Two, and Three[1] of the petition at the time they allegedly occurred, these claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became

---

[1]Section 2244(d)(1)(C) does not serve to delay the start of the statute of limitations for Ground Three in this case. Although the Supreme Court did not decide *Blakely* until June 24, 2004, petitioner's conviction had already become final before that date and *Blakely* does not apply retroactively to cases on collateral review. *See Humpress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

5

"final" by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on March 3, 2004,[2] when the time expired for petitioner to file a notice of appeal in the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A); *see also Lucas v. Carter,* 46 F. Supp.2d 709, 711 (N.D. Ohio 1999). Therefore, the statute of limitations commenced running the following day on March 4, 2004, and expired one year later on March 4, 2005, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner filed his petition to vacate or set aside sentence in the Hamilton County Court of Common Pleas on August 11, 2004. (Doc. 13, Exh. 6). At this point, the statute of limitations had run for 160 days. The statute remained tolled until August 20, 2005, forty-five days after the Ohio Court of Appeals' July 6, 2005 decision affirming the decision of the trial court. (Doc. 13, Exh. 14)[3].

The statute resumed running on August 21, 2005, and was again tolled by petitioner's

---

[2]2004 was a leap year.

[3]Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

filing of his motion for delayed appeal[4] in the Ohio Court of Appeals on March 10, 2006. At this point, the statute of limitations had run an additional 201 days for a total of 361 days. The statute of limitations was tolled until August 23, 2006 when the Supreme Court of Ohio issued its decision denying leave to appeal.[5] The statute expired four days later on August 27, 2006.

Petitioner's habeas corpus petition was filed in this Court on September 14, 2007, and, accordingly, it was submitted over one year too late.[6]

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional

---

[4] The Court notes that petitioner's motion for delayed appeal did not cause the limitations period to begin anew. In *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending*, 419 F.3d 493 (6th Cir. 2005), the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

[5] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida*, __ U.S. __, 127 S.Ct. 1079, 1082 (2007). Prior to the Supreme Court's decision in *Lawrence*, the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence*, 127 S.Ct. 1079. After *Lawrence*, however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

[6] Even giving petitioner the benefit of the date he first presented his unsigned petition for a writ of habeas corpus to the Court, May 21, 2007, the petition would still be untimely.

7

claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*,

the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th

Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the

limitations period is appropriate. In determining whether the statute of limitations should be

equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's
> lack of constructive knowledge of the filing requirement; (3) the petitioner's
> diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5)
> the petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence

of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.

*Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v.*

*Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other

factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To

make the necessary showing, petitioner must support his allegations of constitutional error "with

new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.

Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the

statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made

no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the

8

record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Although petitioner claims he "is not trained in the law" (Doc. 15 at 3), "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss be **GRANTED** and that the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

9

necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/25/08

Timothy S. Hogan
United States Magistrate Judge

10

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HERBERT ELLISON,
    Petitioner,

    vs.

MICHAEL SHEETS, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-403

Beckwith, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11