IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Herbert Ellison,                )
                                )
            Petitioner,          ) Case No. 1:07-CV-403
                                )
      vs.                       )
                                )
Michael Sheets, Warden          )
                                )
            Respondent.         )

O R D E R

        This matter is before the Court on Respondent Michael
Sheets' motion to dismiss (Doc. No. 13), Magistrate Judge Hogan's
Report and Recommendation of March 25, 2008 (Doc. No. 17)
recommending that Petitioner's habeas petition be dismissed as
being barred by the one year statute of limitations set forth in
28 U.S.C. § 2244(d) and Petitioner's objections to the Report and
Recommendation (Doc. No. 19).  For the reasons that follow,
Petitioner's objections are not well-taken and are **OVERRULED.**
The Court **ADOPTS** Magistrate Judge Hogan's Report and
Recommendation.  Respondent's motion to dismiss is well-taken and
is **GRANTED.**  Petitioner's petition for a writ of habeas corpus is
**DISMISSED WITH PREJUDICE.**

        Magistrate Judge Hogan thoroughly explained the factual
and procedural background of this case in his Report and
Recommendation.  The Court, therefore, will only briefly

summarize the facts needed to resolve Petitioner's objections to the Report and Recommendation.

Petitioner is a state prisoner serving a ten year sentence of imprisonment for involuntary manslaughter and an eight year sentence of imprisonment for felonious assault following his entry of guilty pleas to those charges in the Hamilton County, Ohio Court of Common Pleas in February 2004. The trial judge ordered that the terms of imprisonment be served consecutively, for a total term of eighteen years of imprisonment. Petitioner did not file a direct appeal to the Ohio Court of Appeals.

In August 2004, Petitioner filed a motion to vacate or set aside his sentence in the court of common pleas. The trial court denied Petitioner's motion and that decision was affirmed by the court of appeals. Petitioner did not appeal this decision to the Supreme Court of Ohio. In March 2006, Petitioner filed a motion to file a delayed appeal with the court of appeals. The court of appeals denied this motion on April 6, 2006. Petitioner appealed this decision to the Supreme Court of Ohio, who denied Petitioner leave to appeal on August 23, 2006.

On May 21, 2007, Petitioner filed with this Court an unsigned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was directed to refile a signed petition (Doc. No. 3) and it was eventually docketed on September

2

14, 2007 (Doc. No. 11). Petitioner raised three grounds for relief in his petition: 1) his convictions for involuntary manslaughter and felonious assault violated the Double Jeopardy Clause of the Fifth Amendment; 2) he was denied effective assistance of counsel in violation of the Sixth Amendment; and 3) his rights under the Sixth Amendment were violated when the trial court sentenced him based on findings of fact not that he did not admit and were not submitted to the jury.

On review of Respondent's motion to dismiss, Judge Hogan concluded that Petitioner's claims are barred by the one year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). After thoroughly reviewing the procedural history of Petitioner's post-conviction relief proceedings, and determining when tolling was applicable as a result of those proceedings, Judge Hogan concluded that the statute of limitations on the petition expired on August 27, 2006, four days after the Supreme Court of Ohio denied Petitioner leave to file a delayed appeal.

Petitioner filed timely objections to the Report and Recommendation (Doc. No. 19). Any dispositive report and recommendation by a magistrate judge is subject to de novo review "of those portions of the report or specified proposed findings or recommendations to which objection is made." Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986); 28 U.S.C. §

3

636 (b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Petitioner does not object to any of Magistrate Judge Hogan's calculations concerning the running of the statute of limitations. Rather, Petitioner apparently claims that he was unable to comply with the statute of limitations because he suffered a heart attack on January 22, 2005 and because of the medical lay-ins did not have access to the prison's law library. Petitioner, however, did not raise any of these arguments in response to Respondent's motion to dismiss. Therefore, they are waived. Moreover, Petitioner's claim that his physical condition and lack of access to the law library prevented him from filing a timely petition with this Court is refuted by the fact he was able to file pro se pleadings in the state courts during March and April of 2006, i.e. after his heart attack and before the § 2254(d) statute of limitations expired. See Doc. No. 17, at 2. Accordingly, Petitioner's objections are meritless, and, consequently, **OVERRULED.**

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds that Magistrate Judge Hogan correctly computed the statute of limitations and that the Report and Recommendation is correct. Accordingly, the Court **ADOPTS** the Report and Recommendation.

It is hereby **ORDERED** that:

1. Petitioner's motion to dismiss (Doc. No. 13) is well-taken and is **GRANTED** and Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

2.  A certificate of appealability will not issue with respect to Petitioner's petition because pursuant to the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.

3.  With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date April 29, 2008                    s/Sandra S. Beckwith
                              Sandra S. Beckwith, Chief Judge
                              United States District Court

5